UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AVR Communications, Ltd., an Israeli
corporation, and Sonovation, Inc., a
Minnesota corporation,

                Petitioners,

v.

American Hearing Systems, Inc., d/b/a
Interton, Inc., a Minnesota corporation,

                Respondent.

Civil No. 13-3027 (JNE/TNL)
ORDER

      This matter is before the Court on the Petitioners' motion to alter and amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).  ECF No. 22.  For the reasons discussed below, the motion is granted in part and denied in part.

## **Background**

      This case arises under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, Sept. 1, 1970, 21 U.S.T. 2517, and its implementing legislation at Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201 *et seq*.  The Petitioners, AVR and Sonovation, commenced this action by filing a petition to confirm a foreign arbitral award they had received in an arbitration proceeding against the Respondent Interton in Israel.  In an order that issued on January 31, 2014, the Court granted the petition and entered judgment in favor of AVR and Sonovation and against Interton in accordance with the terms of that arbitral award.  ECF No. 20. Those terms were:

a. Respondent will pay Petitioners $2,675,000 in damages, plus 4% annual interest from January 1, 2007 until payment is made and linkage to the Israeli Consumer Price Index from December 11, 2011 until payment is made;

b. Respondent will pay Petitioners 1,000,000 Israeli New Shekels in fees and costs, plus 4% annual interest and linkage to the Israeli Consumer Price Index from December 11, 2011 until payment is made;

c. Respondent will pay Value Added Tax in accordance with Israeli law.

*Id.* at 12.

On March 3, 2014, AVR and Sonovation filed the motion under Rule 59(e) that is currently before the Court. With the motion, AVR and Sonovation requested a quantification and conversion of the award into a lump sum of American dollars, plus the addition of an award for the attorney's fees and related costs they have incurred in this litigation. Altogether, the Petitioners sought an altered and amended judgment in the amount of $4,031,411. Petitioners' Memorandum at 2, ECF No. 23.

Interton responded in opposition, challenging the propriety of the Petitioners' calculations and arguing that a fee award is not appropriate in the circumstances of this case. ECF No. 28.

In reply, AVR and Sonovation "withdr[e]w the portion of their motion seeking to convert the portion of the judgment stated in Shekels to dollars" as well as "their request that linkage be calculated on any portion of the judgment." ECF No. 29. The Petitioners thus no longer seek a lump sum judgment in American dollars, but otherwise persist in the arguments presented in support of their motion.

**Discussion**

After briefing on the motion, four issues remain in dispute: (1) whether the interest rate specified in the Court's Order is simple or compound, and whether the Court should calculate the interest that accumulated through the February 3, 2014 date of judgment; (2) whether linkage should be applied to the damages portion of the judgment that is stated in dollars; (3) whether Interton is to pay a sum to AVR and Sonovation for any Value Added Tax that may be due; and (4) whether AVR and Sonovation are entitled to an award of their attorney's fees and related costs for this litigation.

These four disputes are addressed in turn below.

I. **Interest.**

First, the parties disagree about whether the interest specified in the Court's Order of January 31, 2014 should be simple or compound. As this is an action to confirm a foreign arbitral award, the language of the Order reflects the language of the arbitrator's award. The arbitrator specified that interest is to be charged at a rate of 4% per annum, but was silent as to whether it is to be calculated with a simple or compound formula.

The Petitioners fill this gap with Section 7 of the Adjudication of Interest and Linkage Law of Israel. Petitioners' Reply at 3, ECF No. 29. That provision of Israeli law, entitled "Compound interest," states that "[i]nterest and linkage differentials and interest awarded in accordance with this law . . . shall be added to the principal once a year . . . ." *Id.* Because the arbitrator was "bound by Israeli substantive law" under the express terms of the arbitration clause in the parties' Investment Agreement, ECF No. 2 at 50, the Court is persuaded that it is implicit in the arbitrator's award that the interest is to be compound. *See* Fed. R. Civ. P. 44.1

("In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence.").

Interton takes issue with the interest being calculated with a compound interest formula. Citing § 354 of the Restatement (Second) of Contracts and Minn. Stat. § 549.09, Interton argues that "accumulating interest is limited to simple, not compound, interest." Respondent's Response at 3, ECF No. 28.

But this case arises under federal, not Minnesota, law. 9 U.S.C. § 203 ("An action or proceeding falling under the Convention [on the Recognition and Enforcement of Foreign Arbitral Awards] shall be deemed to arise under the laws and treaties of the United States."). Federal law grants the district courts original jurisdiction to hear a petition to confirm a foreign arbitral award, provides them with the power to grant or deny it, and prescribes a limited inquiry into a limited set of grounds on which that decision is to be based. *See, e.g., Zeiler v. Deitsch*, 500 F.3d 157 (2nd Cir. 2007) ("Confirmation under the Convention is a summary proceeding in nature, which is not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm."). But the governing federal law does not give the district courts the power to alter or reform the terms of the arbitral award that were set by the arbitrator.

Furthermore, to the extent that a conflict between the compound interest implicitly ordered by the arbitrator and general federal law governing the application of interest to a money judgment would be relevant, there is none. "[T]e United States has no federal statute governing awards of prejudgment interest on international arbitral awards"; as a result, whether and at what rate to apply post-award, prejudgment interest where it is not specified in the arbitral award itself

4

is left to the discretion of the court.  *Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1446 (11th Cir. 1998) (noting also that "the decision whether to grant prejudgment interest was a matter for the court's discretion and was not controlled by state law").  *Accord Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Sys., Inc.*, 665 F.3d 1091, 1103 (9th Cir. 2011).  As for postjudgment interest, the federal statute that addresses it expressly provides that "interest . . . shall be compounded annually."  28 U.S.C. § 1961(b).

The Court's Order of January 31, 2014 will therefore be amended to clarify that interest is compound.  As for the Petitioners' invitation to calculate interest through February 3, 2014, the Court agrees with Interton that in the circumstances of this case "interim interest determinations are unnecessary," Respondent's Response at 3, ECF No. 28, and declines.

## II.     Linkage.

Second, while the parties do not disagree that linkage is appropriately applied to the fees and costs portion of the judgment which is stated in Shekels and that linkage should be calculated at the time of payment, they do dispute whether linkage is properly applied to the damages portion of the judgment which is stated in dollars.

Interton argues that, because linkage is designed to address inflationary concerns with Israeli currency, it should only be applied to the damages portion of the judgment if the interest on that sum accrues in Shekels.  Respondent's Response at 4, ECF No. 28.  Because that approach is consistent with the arbitrator's intentions, the Court agrees.

The arbitrator directly addressed this issue in the decision he issued on December 11, 2011 amending the original arbitral award.  There, the arbitrator stated:

5

> In the arbitrator's award, I set forth a sum denominated in shekels for the sum denominated in dollars, as I specified the current representative dollar rate as the index for the compensation sum, that is, compensation in shekels and not in dollars.
>
> . . . My intention was to add upon the compensation, according to the current value in shekels, interest only from January 1, 2007 until today and linkage supplement from today onwards. Also, it was my intention to add linkage to the expenses and legal fees from today onwards, and the aforesaid was omitted from the arbitrator's award. Therefore, the arbitrator's award ought to be corrected according to the intended provisions thereof that were omitted. Beyond the aforesaid, there is no room for correction.

ECF No. 5-1, Ex. 3 at 34. The arbitrator then went on to amend the damages portion of the award to state that the "Defendant [is] to pay to the Plaintiffs the compensation sum of 2,675,000 . . . dollars (representative dollars as of today). . . . Interest of 4% per year, from 1.1.2007 until actual payment, will be added to the compensation sum. Also, Linkage from today until the payment date will be added." *Id.* at 35.

The Court thus understands the arbitrator to have added interest and linkage to the "compensation sum" (in other words, the damages portion of the award) "according to the current value [of the compensation sum] in shekels." The Order of January 31, 2014 will therefore be amended to clarify that interest and linkage are to be added to the damages portion of the award according to the value of that damages award in Shekels as of December 11, 2011.

### III.   Value Added Tax.

Third, the parties disagree about the import of the arbitrator's decision, reflected in the Court's order, that Interton is to pay Value Added Tax ("VAT") in accordance with Israeli law. *See* Arbitrator's Award of November 29, 2011, ECF No. 5-1, Ex. 2 at 26 (initial arbitral award stating that "[t]he Defendant shall also incur payment of VAT by law"); Arbitrator's Decision of

December 11, 2011, ECF No. 5-1, Ex. 3 at 35 (amended arbitral award stating that "[t]he Defendant will also bear payment of VAT according to law").

Supported by a letter from an Israeli Certified Public Accounting firm, the Petitioners explain that they will be responsible for payment of VAT to the Israeli government when Interton satisfies the judgment, and argue that the language of the arbitral award thus requires Interton to pay that amount to them in addition to the other components of the award. Petitioners' Reply at 5, ECF No. 29.  Therefore, the Petitioners request that "the Court clarify that Interton is to pay Petitioners the VAT Petitioners will be required to pay upon Interton's payment of any portion of the judgment." *Id.*

Interton counters that "[n]either the Motion nor the Petition suggests that Interton owes Value Added Tax to AVR or to Sonovation, as opposed to the Israeli government.  Israel is not a party to this action and has no rights to enforce the Court's judgment in Minnesota." Respondent's Response at 7, ECF No. 28.

This is not persuasive.  Interton's suggestion that it would be improper for this Court to order Interton to pay VAT to the Israeli government here, in an action to confirm a foreign arbitral award that resulted from its arbitration with the Petitioners, is certainly correct.[1]  But that is not what the arbitral award that is reflected in the Court's Order does.  As with the other two components of the arbitral award – for the Petitioners' damages and for their arbitration fees and

---

[1]  It bears repeating that the Court's Order reflects the terms of the arbitral award as set by the arbitrator.  If Interton believed that the arbitrator had in fact improperly ordered it to pay VAT to the Israeli government, it could have argued in its opposition to the petition that the VAT component of the arbitral award should have been severed.  *See* Convention, Article V(1)(c) (providing that where a foreign arbitral award "contains decisions on matters beyond the scope of arbitration, . . . if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced").  Interton made no such argument.

costs – the VAT component of the award sets a payment obligation that Interton owes to the Petitioners, not to the Israeli government.

The Order of January 31, 2014 will therefore be amended to clarify that Interton is to pay to the Petitioners any VAT that the Petitioners may be required to pay in accordance with Israeli law upon payment by Interton of any portion of the judgment.

### IV.    Attorney's fees.

Finally, the parties disagree about whether AVR and Sonovation are entitled to an award of the attorney's fees they have incurred in this litigation.

As an initial matter, the Petitioners' request for fees is collateral to the merits of their petition to confirm their foreign arbitral award and is therefore not appropriately brought on a motion under Rule 59(e).  *See White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451 (1982) (noting that Rule 59(e) motion is "only [for] reconsideration of matters properly encompassed in a decision on the merits," while "a request for attorney's fees under § 1988 raises legal issues collateral to the main cause of action – issues to which Rule 59(e) was never intended to apply"); Fed. R. Civ. P. 54(d)(2)(B) (requiring a motion for "attorney's fees and related nontaxable expenses" to be made by motion within 14 days after entry of judgment); D.Minn. L.R. 54.3(b).

But regardless of the procedural defect in the Petitioners' fee request, there is no basis for such an award in this case.  The Petitioners have "move[d] for an award of attorneys fees and costs based on Israeli law," and emphasize that they exclusively "base their request for fees on the parties' contract and its incorporation of Israeli law."  Petitioners' Memorandum at 3, ECF No. 23; Petitioners' Reply at 6, ECF No. 29.  Essentially, AVR and Sonovation argue that they

are entitled to a fee award in this action because the parties agreed in their contract that their rights and obligations would be governed by Israeli law, and Israeli law dictates that the losing party pay the prevailing party's fees.

But this action is governed by federal law, not Israeli law. The District Court for the District of Columbia has said it well:

> [T]his is not an action in which a plaintiff has come to a United States court to adjudicate rights arising under foreign law. Rather, this action arises under [Chapter 2 of] the Federal Arbitration Act . . . . The FAA implements the New York Convention by allowing international arbitral awards to be enforced in United States courts, 9 U.S.C. § 201, and it provides that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States." 9 U.S.C. § 203.
>
> While the original dispute between [the parties] may have involved questions of [foreign] law—which their contract specified would govern any disputes that were referred to arbitration . . . —[the petitioner's] right of action here derives entirely from U.S. law, namely the right to have an arbitral award that meets certain criteria be confirmed by a United States district court. Under the FAA and the New York Convention, the confirming court does not adjudicate the underlying legal disputes between the parties or even review the arbitrator's conclusions. Instead, the court must confirm the award "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C.A. § 207; [additional citations omitted]. Therefore, regardless of the circumstances that led [the parties] to submit to arbitration initially, [the petitioner's] cause of action in this Court arises exclusively under United States law . . . .

*Continental Transfert Technique Ltd. V. Federal Government of Nigeria*, 932 F.Supp.2d 153, 160-61 (D.D.C. March 26, 2013).

The American law that governs this action requires the parties to a lawsuit to bear their own expenses unless their contract or a statute specifically provides otherwise. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975). Nothing in the Convention or its implementing legislation authorizes the fee award AVR and Sonovation seek here, and the parties' contract does not contain a fee-shifting provision. The Court recognizes

9

that it also has the inherent authority to "assess attorneys' fees . . . when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *id.* at 258-59, but, as the Petitioners acknowledge, Interton has not acted in bad faith or otherwise inappropriately in opposing the petition.

There is therefore no basis to order Interton to pay the Petitioners' fees or related nontaxable expenses from this litigation.

Based on the files, records, and proceedings herein, and for the reasons discussed above, IT IS ORDERED THAT:

1. Petitioners' Motion to Alter and Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e) [ECF No. 22] is GRANTED IN PART and DENIED IN PART consistent with the memorandum above.

2. The Court's Order of January 31, 2014 [ECF No. 20 at 11-12] is AMENDED to state as follows:

    1. Petitioners' Petition to Confirm Foreign Arbitral Award [ECF No. 1] is GRANTED.

    2. The Arbitrator's Award of November 29, 2011 [ECF No. 5-1, Ex. 2 at 17-32], as amended by the Decision of December 11, 2011 [ECF No. 5-1, Ex. 3 at 34-37] and the Reasoning Supplement of October 24, 2012 [ECF No. 5-4, Ex. 7 at 20-30], is CONFIRMED.

    3. Judgment is ENTERED, in accordance with the confirmed arbitral award, in favor of Petitioners AVR and Sonovation and against Respondent Interton as follows:

    a. Respondent will pay Petitioners $2,675,000 in damages, plus 4% compound annual interest from January 1, 2007 until payment is made and linkage to the Israeli Consumer Price Index from December 11, 2011 until payment is made according to the value of the damages award in Israeli New Shekels on December 11, 2011;

    b. Respondent will pay Petitioners 1,000,000 Israeli New Shekels in fees and costs, plus 4% compound annual interest and linkage to the Israeli Consumer Price Index from December 11, 2011 until payment is made;

    c. Respondent will pay Petitioners any Value Added Tax that Petitioners may be required to pay in accordance with Israeli law upon Respondent's payment of the judgment or any portion thereof.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 5, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge